**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RIGOBERTO ESQUIVEL MENDEZ, | No.  21-1141 |
| Petitioner, | Agency No. A206-408-329 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before:  HAWKINS, S.R. THOMAS and McKEOWN, Circuit Judges

Rigoberto Esquivel Mendez, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision affirming an

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") denial of cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's findings of fact for substantial evidence. *Ahmed v. Keisler*, 504 F.3d 1183, 1190 (9th Cir. 2007). Under this standard, the BIA's "[f]indings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Kamalyan v. Holder*, 620 F.3d 154, 1057 (9th Cir. 2010). We deny the petition for review.

1. The BIA had jurisdiction over Esquivel Mendez's proceedings even though the Notice to Appear that initiated the proceedings did not contain the time and date of the removal hearing. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

2. Substantial evidence supports the BIA's determination that Esquivel Mendez is not entitled to withholding of removal because he did not establish the requisite nexus between his claimed persecution and his membership in a particular social group. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (explaining the "a reason" nexus standard for withholding of removal). Esquivel Mendez testified that he fears violent cartels in Mexico will target him as a recent returnee from the United States because the cartels will think he has money.

2

However, even assuming Esquivel Mendez properly presented a cognizable particular social group, the documentary evidence and Esquivel Mendez's brief testimony about his fears and the crimes committed against his friends are insufficient to compel the conclusion that the cartels would target him based on his membership in any group. Rather, the record indicates that Esquivel Mendez fears conditions of generalized violence in Mexico. *See Zetino v. Holder*, 622 F3d 1007, 1016 (9th Cir. 2010) (holding that the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3. Substantial evidence supports the BIA's determination that Esquivel Mendez is not entitled to CAT relief. The record evidence is insufficient here to compel a finding that Esquivel Mendez will likely be tortured by or with the acquiescence of a public official upon his return to Mexico. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (explaining CAT standards and noting that testimony of generalized conditions of violence does not usually establish a likelihood of torture).

4. Esquivel Mendez has waived review of his application for cancellation of removal because he does not discuss or argue that claim in the body of his brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

5.  The motion for a stay of removal (Dkt. 2) is denied. The temporary stay of removal is lifted.

**PETITION FOR REVIEW DENIED.**